## Ex parte THE FIRST NATIONAL BANK OF CHICAGO.

PETITION FOR MANDAMUS DIRECTED TO THE JUDGES OF THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT AND THE HONORABLE SOLOMON H. BETHEA AS JUDGE OF THE DISTRICT COURT OF THE UNITED STATES, ETC.

## THE FIRST NATIONAL BANK OF CHICAGO v. THE CHICAGO TITLE AND TRUST COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

Nos. 8 Original, and 38.   Submitted May 13, 1907.—Decided October 28, 1907.

Where the Circuit Court of Appeals after issuing mandamus to the district judge requiring him to modify a decree so as to conform to the decision of this court, allows the party in interest a writ of error and the district judge declines to sue out or join in the writ, the writ will not be dismissed because the district judge is not a party and the fact that he has obeyed the order will not prejudice the position of the plaintiff in error.

This court customarily issues a single mandate, and if in a case originating in the District Court it is addressed to the Circuit Court of Appeals the directions are simply to be communicated to the District Court to be followed by it on the authority of this court and not of the Circuit Court of Appeals, and that court has no jurisdiction to compel the District Court to alter its decree.

Where the Circuit Court of Appeals has improperly issued mandamus to the district judge to modify a decree to conform to the decision of this court, this court will reverse the judgment and issue mandamus to the District Court to set aside the decree entered in pursuance thereof.

The decision of this court in *First National Bank* v. *Chicago Title & Trust Co.*, 198 U. S. 280, merely gave directions in general form to be carried out by the District Court and it was not intended to supersede the authority given to that court by the bankruptcy law to control litigation by the trustee.

THE facts are stated in the opinion.

*Mr. Henry S. Robbins, Mr. Wallace Heckman* and *Mr. James G. Elsdon,* for petitioners and plaintiffs in error:

Mandamus from this court is a proper remedy to compel a

compliance by the lower court with this court's decisions. *Gaines* v. *Rugg,* 148 U. S. 228; *In re Sanford Fork & Tool Co.,* 160 U. S. 247; *In re Delgado,* 140 U. S. 586, 591.

Such a writ is available, not only to compel the entry of a proper decree, but incidentally to compel the lower court to set aside a judgment or decree entered after the filing of a mandate, which does not comply with its directions. The writ in such case commands the lower court to vacate and erase the former order and enter a proper one. *Ex parte Dubuque and Pacific R. R.,* 1 Wall. 69; *In re Potts, Petitioner,* 166 U. S. 263.

Hence this court may by mandamus compel the Circuit Court of Appeals to set aside its order and recall its peremptory writ of mandamus, and also require the District Court to set aside the order entered by it in compliance with such peremptory writ, when this is necessary to give to the parties the decree, to which the decision of this court entitles them. But whether mandamus is a concurrent remedy with appeal or writ of error to compel compliance with a mandate or not, is not here material, as, if the petitioners were not entitled to prosecute this writ of error, as contended by the defendants in error, this application for mandamus is their only remedy.

The Circuit Court of Appeals was without power or jurisdiction to grant this writ of mandamus.

This court has directed the entry in the District Court of a modified order. This is tantamount to directing a new decree in that court, and the question here is the same as it would have been if this court had directed an entirely new order in that court.

But when this court does this, the order entered in the lower court is in reality the decree of this court. *Stewart* v. *Salamon,* 97 U. S. 361.

So, under the rule which requires leave from the court entering the decree as a prerequisite to a bill of review, it has been held that no such bill may be filed in a cause in which

this court has directed a certain decree, without leave of this court, because the decree sought to be reviewed. is in effect the decree of this court. *Kimberly* v. *Arms*, 40 Fed. Rep. 549; *In re Potts*, 166 U. S. 263; *Skillern's Exrs.* v. *May's Exrs.*, 6 Cranch, 267; *Ex parte Story*, 12 Pet. 339; *United States* v. *Knight*, 1 Black, 488.

Under these authorities, the modified order first entered in the District Court, which the mandamus writ sought to change, was in effect the decree of this court, and the Circuit Court of Appeals was without jurisdiction to change it.

*Mr. Newton Wyeth* and *Mr. Joseph E. Paden*, for respondents:

The decrees of dismissal with directions of the Circuit Court of Appeals were actual decrees of that court, to be carried out and enforced.

The Circuit Court of Appeals rightfully issued mandates to the District Court, and was bound by mandamus to compel compliance. The mandamus was in aid of its appellate jurisdiction.

The Circuit Court of Appeals sent, and was bound to send, mandates to the District Court. The Circuit Court of Appeals by the writ of mandamus simply sent down a more specific mandate to the District Court.

The decrees of dismissal and direction entered by the Court of Appeals were actual decrees, as much so as if no certiorari had arisen and they had been entered as the original decrees and orders of the Court of Appeals, had that court in the first instance conceived that the objections of the petitioners in the District Court to the jurisdiction of the District Court to proceed on the merits were well taken and had not been waived. The decrees of dismissal in the Court of Appeals and remand of the causes were not mere forms, and that court was not a mere instrument, and that court had power which it could rightfully exercise over the decrees to carry them into execution.

The modification originally made in the District Court was not a compliance. The modification as finally made was a compliance. Petitioners show that the matters of which they complain in the modifications made are immaterial, and that they have been deprived of nothing to which they were entitled under the decrees and mandates of the Circuit Court of Appeals, and the opinion of the Supreme Court.

Mr. Justice Holmes delivered the opinion of the court.

These cases arise out of the proceedings subsequent to the decision of this court in *First National Bank of Chicago* v. *Chicago Title & Trust Co.*, 198 U. S. 280. In that case the Trust Company, as receiver, subsequently trustee, in bankruptcy, filed a petition in the District Court alleging possession of certain property and asking for directions in respect of a sale. The District Court found that a storage company had the possession and right of possession, but nevertheless retained jurisdiction and, a sale having been had by consent, made a summary order for transfer to the petitioner of part of the proceeds of the sale. An appeal was taken to the Circuit Court of Appeals, and that court sustained the jurisdiction of the District Court. On certiorari this court held that the Circuit Court of Appeals had no jurisdiction of the appeal and that the District Court, having found that the receiver and trustee was not in possession of the fund, had no jurisdiction to proceed further. It thereupon rendered a judgment and issued a mandate reversing the decree of the Circuit Court of Appeals, and directing that court to dismiss the appeal and to remand the case to the District Court for further proceedings in conformity with the opinion upon which the mandate was based.

The Circuit Court of Appeals thereupon dismissed the appeal and remanded the cause for further proceedings as directed. The opinion to which the proceedings of the District Court were to conform concluded with these words: "In our

view the District Court should have declined upon its findings to retain jurisdiction, and in that event the decree for the return of the money should have been without prejudice to the right of respondents to litigate in a proper court, which modification we direct to be made." The District Court made a decree "without prejudice to the rights of the Chicago Title and Trust Company, the trustee herein, if this court shall so authorize, to litigate in any proper court the question of the right of said trustee to recover said funds as a part of the bankrupt's general estate." The trustee complained of the form of this decree, especially because of the insertion of the words "if this court shall so authorize," and moved in this court for leave to file a petition for mandamus requiring the district judge to modify it, but leave was denied. 200 U. S. 613.

The trustee next made a similar application to the Circuit Court of Appeals, whereupon that court granted it and issued a peremptory writ requiring modifications to be made. 77 C. C. A. 408; 146 Fed. Rep. 742. The petitioners and plaintiffs in error, claiming an interest in the fund, then applied for leave to intervene for the purpose of prosecuting a writ of error, their application was allowed, and leave was granted them to sue out the writ, the order reciting that the district judge was present by counsel, but declined to sue out or join in the same. On the same day the Circuit Court of Appeals refused to make the writ act as a supersedeas, and on the next day the district judge entered a decree conforming to the mandate of the Circuit Court of Appeals. The present proceedings are brought for the purpose of reversing the action of the Circuit Court of Appeals and of reinstating the former decree of the District Court.

There is a motion to dismiss the writ of error on the grounds that the judge, who was the only party to the mandate alleged to be erroneous, did not sue out the writ, but that, on the contrary, he has obeyed the order, and that the plaintiffs in error are not privy to the judgment. We deem it a sufficient answer

to this motion to say that it appears on the record that the judge declined to join, *Masterson* v. *Herndon*, 10 Wall. 416; *Hardee* v. *Wilson*, 146 U. S. 179, that he has no personal interest in the judgment, *Davis* v. *Mercantile Trust Co.*, 152 U. S. 590, 593, and that the plaintiffs have such an interest and were made parties for the purpose of protecting their rights. The fact that the judge obeyed the order in force against him cannot prejudice the position of the plaintiffs. They have the same interest in having the former decree of the District Court reinstated that they had in having it stand.

We are of opinion that the order of the Circuit Court of Appeals was wrong. The mandate of this court was addressed to it alone, it is true, in point of form. It is customary to issue but a single mandate. But the directions as to the further proceedings of the District Court were not an order to the Circuit Court of Appeals to issue an order to the District Court. They were directions which the Circuit Court of Appeals was simply to communicate to the District Court and which the District Court was to follow on the authority of this court, not of the Circuit Court of Appeals. The suggestion of the need of speedy relief seems to have counted for something in the making of the order appealed from, and the denial of a mandamus by this court was treated as an intimation that the final direction to the District Court was to be regarded as proceeding from the Circuit Court of Appeals. Such was not the import of the action of this court. The Circuit Court of Appeals had no jurisdiction in the matter, and the denial of a mandamus by this court did not confer or declare jurisdiction to grant what this court denied. It follows that the judgment of the Circuit Court of Appeals must be reversed.

As the judgment reversed has been acted upon by the District Court it becomes necessary to consider whether the former or the present decree of the District Court was the proper one to enter. The present one might be right notwithstanding the want of jurisdiction on the part of the higher court to order it to be made. We need not determine whether the language

quoted from our former opinion was improvidently used.. It is enough to say that the opinion did not purport to fix the words of the new decree. It merely gave a general direction which was to be carried out in a form to be settled by the District Court.. It declared, perhaps unnecessarily, that the decree was to be without prejudice to whatever right the respondents might have to litigate in a proper court, not that they were entitled to litigate, or that the authority given by the Bankruptcy Law [§§ 2 (7) 11 c, 47 (2)] to the District Court to control such litigation was superseded. We are of opinion that the decree first entered by the District Court complied with the language of the opinion, and that the subsequent decree having been entered only in obedience to an unwarranted judgment should be set aside. *Re Potts*, 166 U. S. 263; *Ex parte Dubuque & Pacific R. R.*, 1 Wall. 69.

*Judgment of the Circuit Court of Appeals reversed.*

*Mandamus to go to the District Court to set aside its decree entered in pursuance of said judgment.*