## MERCOID CORPORATION v. MINNEAPO-LIS-HONEYWELL REGULATOR CO.

### No. 8566.

Circuit Court of Appeals, Seventh Circuit.

May 22, 1944.

Bair & Freeman, of Chicago, Ill., for appellant.

Henry M. Huxley and George L. Wilkinson, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

Appellee has moved to docket and dismiss the appeal in this cause for lack of jurisdiction. The judgment from which the appeal was taken was entered by the District Court upon remand from the Supreme Court which reversed the judgment of this court (133 F.2d 811), on January 3, 1944. Mercoid Corp. v. Minneapolis-Honeywell Co., 320 U.S. 680, 64 S.Ct. 278.

The litigation was started with a suit by Mercoid for a declaratory judgment that the Freeman patent was invalid, that it did not infringe that patent, and that Honeywell had used it in violation of the anti-trust laws. About the same time, Honeywell filed suit against Mercoid for infringement of the Freeman patent, and in that suit, Mercoid filed counterclaim asking the same relief as in its declaratory judgment suit. The two were consolidated for trial. The District Court held the patent valid and infringed, but held that Honeywell was using it as a means of controlling an unpatented device contrary to the rule of Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L. Ed. 363, hence dismissed both complaints. 43 F.Supp. 878, 46 F.Supp. 675. On appeal, this court affirmed as to validity and infringement, but reversed as to the violation of the anti-trust laws. On certiorari, the Supreme Court, 320 U.S. 680, 64 S.Ct. 278, held that the efforts of Honeywell to control competition in the unpatented device did violate the anti-trust laws, and that Mercoid was entitled to be relieved against the consequences of those acts, and likewise, that Honeywell might not obtain from a court of equity any decree which directly or indirectly helped it to subvert the public policy underlying the grant of its patent. It therefore remanded the cause to the District Court for proceedings in conformity with its opinion.

Upon remand, the District Court entered the judgment from which this appeal is taken, vacating the final decree entered by it March 24, 1942, and further adjudging that Honeywell had been misusing the Freeman patent in restraint of trade, thereby violating the anti-trust laws, particularly Title 15, §§ 1, 2, and 14; dismissing its complaint, and issuing an injunction restraining it from violating the anti-trust laws, particularly Title 15, §§ 1, 2, and 14. The judgment also provided for the recovery of three-fold damages and attorneys' fees and referred the cause to a special master for the purpose of ascertaining those damages and fees. 15 U.S.C.A. § 15.

The points sought to be raised by the appeal are the exclusion from the judgment of a finding of validity of the Freeman patent and its infringement by appellee, and the inclusion of an injunction under § 3 of the Clayton Act, 15 U.S.C.A. § 14, and an order for accounting and reference to a master. Jurisdiction of this court over the appeal from an interlocutory judgment is alleged to be based on section 129 of the Judicial Code, 28 U.S.C.A. § 227, providing for appeals from interlocutory judgments granting injunctions.

Appellee bases its motion to dismiss the appeal on the ground that this court has no jurisdiction over an appeal from a judgment entered on the mandate of the Supreme Court, even though that judgment does include an injunction. We think this contention is correct. As stated in Cyclopedia of Federal Procedure, 2d Ed., Vol. 10, § 4887, "It is the established rule that no appeal may be taken from a judgment or decree entered in accordance with the mandate of the appellate court on a prior appeal, or in accordance with the mandate of the Supreme Court," and at Vol. 12, § 6398, "It is the settled rule that if a lower federal court fails or refuses to give effect to or misconstrues the mandate of the Supreme Court, the action of the court below may be controlled by the Supreme Court, either by a new appeal, or by mandamus, or action in the nature thereof * * *." Appellant contends that these rules do not apply in this case for the reason that new issues remained to be determined on remand to the District Court, and that as to these new issues, which it alleges include the four points it seeks to raise by the appeal, the appeal will lie.

It is clear that unless the injunctional order is in fact a new issue, the appeal must be dismissed, for the reason that § 129 confers jurisdiction for appeal from interlocutory orders only where such orders involve the issuance of an injunction. As to this, appellant states in its brief in opposition to appellee's motion to dismiss the appeal, "We are not questioning that under the mandates the District Court should have granted an injunction, but there is nothing in the Supreme Court's opinion or mandates to require an injunction against the violation of the Clayton Act." This appears to us to be a clear admission that the appeal goes only to the scope of the judgment on the mandate and not to any new issue raised by the judgment. The Supreme Court stated in its opinion that appellant's efforts to control competition in the unpatented devices plainly violated the anti-trust laws, hence appellee was entitled to be relieved against the consequences of those acts. The Clayton Act is an integral part of the anti-trust laws which the Court said were being violated, and those laws provide for injunctive relief against violation, hence it appears, apart from appellant's admission, that the injunction is in accord with the mandate. If there is any question as to the scope of the relief, such question must be presented to the Supreme Court which decreed the relief.

That the questions sought to be raised by the appeal go to the construction of the mandate rather than to any new issues left to be determined on the remand is further indicated by the following statement from appellant's brief:

"To Honeywell, it seems clear that the only issue here is whether the Supreme Court, in its proceedings or mandates, determined and sent its command to the District Court,

"(a) to delete from its earlier judgment the part relating to validity,

"(b) to delete the part relating to infringement,

"(c) to include an injunction against violation of the Clayton Law (15 U.S.C.A. § 14),

"(d) to include an order for accounting, and sending the case to a Master therefor."

We think this is only to say that the only question here is whether the judgment of the District Court which includes these items is within the scope of the mandate of

the Supreme Court, or exceeds the limits of that mandate. That is not for this court to determine, but must be left to the Supreme Court under the principles set forth above. See also Ohio Oil Co. v. Thompson, 8 Cir., 120 F.2d 831; and Kresge Co. v. Winget Co., 8 Cir., 102 F.2d 740, where appeals were dismissed for lack of jurisdiction under circumstances very similar to those here involved. We think a dismissal of the cause would not be inconsistent with our ruling in Illinois Bell Telephone Co. v. Slattery, 7 Cir., 98 F.2d 930.

Appeal dismissed.