**PACIFIC GAS AND ELECTRIC COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**Sierra Pacific Power Company, Intervenor.**

**No. 15773.**

United States Court of Appeals Ninth Circuit.

Feb. 14, 1958.

As Amended on Denial of Rehearing April 1, 1958.

---

F. T. Searls, F. W. Mielke, Malcolm A. MacKillop, San Francisco, Cal., for appellant.

Howard E. Wahrenbrock, Sol., Federal Power Commission, Washington, D. C., for appellee.

William C. Chanler, Winthrop, Stimson, Putnam & Roberts, New York City, Brobeck, Phleger & Harrison, San Francisco, Cal., for intervenor, Sierra Pacific Power Co.

Before STEPHENS, Chief Judge, and HEALY and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Pacific Gas and Electric Company filed in this court a petition to review and set aside an order of the Federal Power Commission. Asserting that the petition has been filed in the wrong circuit, Sierra Pacific Power Company, intervenor herein, has moved to dismiss the petition. Respondent, Federal Power Commission, has joined in the motion.

Disposition of this motion calls for consideration of the antecedent administrative and court proceedings involving these parties. On March 4, 1948, PG&E and Sierra entered into a contract under which PG&E sells to Sierra most of the electric energy used by the latter in serving its customers in Nevada and California. The contract, which has a fifteen-year term, contains a schedule of rates specifying the price at which such electric energy shall be purchased. Pursuant to § 205(d) of the Federal Power Act (act), 16 U.S.C.A. § 824d, PG&E filed this contract with the Federal Power Commission.

On February 2, 1953, without Sierra's consent, PG&E filed with the Commission a schedule of higher rates purportedly superseding the schedule set out in the contract.

Sierra intervened before the Commission. It urged that § 205 of the act, which provides for Commission approval of newly-proposed rates upon a finding that they are reasonable, is not applicable where such approval would effect a unilateral increase in the rates specified in a duly filed rate contract. Sierra further contended that, to abrogate the contract rates, the Commission must first make the determination (provided for in § 206(a) of the act, 16 U.S.C.A. § 824e(a), that the rate contract to be superseded is "unjust, unreasonable, unduly discriminatory or preferential * * *."

Following a hearing before the Commission, that agency, on June 17, 1954,

entered an order rejecting Sierra's contention. The Commission order approved the increased rates upon a finding, under § 205, that they were reasonable. In the Matter of Pacific Gas and Electric Co., 7 P.U.R.3d 256 (Commission Docket No. E–6482).

Sierra filed a petition for review in the Court of Appeals for the District of Columbia Circuit. That court held that a fixed-rate contract (the Commission had assumed this to be such a contract) could be changed only upon a finding by the Commission, pursuant to § 206(a), that such rate was unreasonable. The court also held that the Commission decision, despite its broad language, could not be regarded as a determination of unreasonableness under § 206(a). This is true, the court said, because the Commission proceeding was brought under § 205(e), in which unreasonableness is not an issue, and, in any event, no actual finding of unreasonableness was made. The order of June 17, 1954, was therefore set aside and the case was remanded to the Commission with instructions to dismiss the proceeding, without prejudice to the initiation of a new proceeding under § 206(a). Sierra Pacific Power Co. v. Federal Power Commission, 96 U.S.App.D.C. 140, 223 F.2d 605; 99 U.S.App.D.C. 128, 237 F.2d 756.

Both PG&E and the Commission obtained writs of certiorari from the Supreme Court of the United States to the United States Court of Appeals for the District of Columbia Circuit. In a decision rendered on February 27, 1956, the Supreme Court agreed with the court of appeals that PG&E's unilateral filing of the new rate under § 205(d), and the approval of the new rate by the Commission under § 205(e) were ineffective to supersede PG&E's contract with Sierra. Federal Power Commission v. Sierra Pacific Power Co., 350 U.S. 348, 76 S.Ct. 368, 373, 100 L.Ed. 388.

The Supreme Court further held, contrary to the ruling of the court of appeals, that, if the Commission proceedings satisfied in substance the requirements of § 206(a), it would be immaterial that the investigation was begun, pursuant to § 205(e), as one into the reasonableness of the proposed rates. The Supreme Court also regarded recitals in the Commission order as possibly constituting a finding of unreasonableness, thereby satisfying the requirements of § 206(a). But it was held that this Commission conclusion appeared on its face to be based on an erroneous standard.[1]

The Supreme Court affirmed the order of the court of appeals, with instructions to remand the case to the Commission "for such further proceedings, not inconsistent with this opinion, as the Commission may deem desirable."

On June 12, 1956, the Court of Appeals for the District of Columbia Circuit entered its order remanding the

---

1. In so holding, the Supreme Court said (350 U.S. 348, at pages 354–355, 76 S. Ct. at pages 372, 373):

"* * * The Commission holds that the contract rate is unreasonable solely because it yields less than a fair return on the net invested capital. But, while it may be that the Commission may not normally impose upon a public utility a rate which would produce less than a fair return, it does not follow that the public utility may not itself agree by contract to a rate affording less than a fair return or that, if it does so, it is entitled to be relieved of its improvident bargain. Cf. Arkansas Natural Gas Co. v. Arkansas Railroad Comm'n, 261 U.S. 379, 43 S.Ct. 387, 67 L.Ed. 705. In such circumstances, the sole concern of the Commission would seem to be whether the rate is so low as to adversely affect the public interest—as where it might impair the financial ability of the public utility to continue its service, cast upon other consumers an excessive burden, or be unduly discriminatory. That the purpose of the power given the Commission by § 206(a) is the protection of the public interest, as distinguished from the private interests of the utilities, is evidenced by the recital in § 201 of the Act that the scheme of regulation imposed 'is necessary in the public interest'. When § 206(a) is read in the light of this purpose, it is clear that a contract may not be said to be either 'unjust' or 'unreasonable' simply because it is unprofitable to the public utility."

case to the Commission in accordance with the judgment of the Supreme Court.

After this remand, PG&E moved the Commission to reopen the original proceeding (Commission Docket No. E-6482). It asked the Commission to receive further evidence and argument, and to amplify and supplement its former findings, so as to establish PG&E's asserted right to collect and retain the higher rates from and after June 17, 1954. Sierra filed an answer opposing PG&E's motion. Sierra also, on July 23, 1956, filed a complaint with the Commission (Commission Docket No. E-6697) alleging that PG&E was unlawfully continuing to bill Sierra at the higher rate, and asking the Commission for an order to cease and desist.

On September 7, 1956, the Commission entered an order consolidating the two dockets and permitting both parties additional time within which to submit any facts or further argument in support of their respective contentions.

On October 15, 1956, PG&E filed a supplemental motion in the original Docket No. 6482, requesting the Commission to also make findings on an issue left undecided by the Commission in its order of June 17, 1954. This issue was whether the 1948 contract was in fact one for a fixed rate as contended by Sierra, or a changeable rate as contended by PG&E. Statements of fact and argument were thereafter filed by both parties, covering all issues raised in the consolidated proceedings.

In its order of July 10, 1957, the Commission dealt with the issues presented in these consolidated proceedings. PG&E's motions to reopen and for further proceedings in Docket No. E-6482 were denied, and that proceeding was terminated.[2]

The Commission order, however, grants the relief requested by Sierra in Docket No. E-6697. PG&E was directed to cease and desist from billing or demanding from Sierra charges computed at rates other than those specified in the 1948 contract, "or at such other rates therefor as hereafter may be lawfully established pursuant to the provisions of the Federal Power Act." The formal complaint filed by Sierra in Docket No. E-6697 was dismissed, and the proceeding thereon terminated. PG&E's application for rehearing was denied on September 5, 1957.

On November 1, 1957, PG&E filed in this court a petition to review and set aside the Commission order of July 10, 1957.[3] The motion to dismiss, now under consideration, was filed on November 21, 1957.

In contending that this court is without jurisdiction to entertain this petition to review, Sierra and the Commission rely upon § 313(b) of the act, 16 U.S. C.A. § 825$l$(b). The pertinent part of this subsection reads as follows:

"(b) Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit

---

2. PG&E's contention concerning the contractual obligation of the parties under the 1948 contract, with respect to rates, was held to be disposed of by the decision of the Supreme Court. The factual bases which PG&E adduced in support of the alleged adverse effects of the 1948 rates upon the public interest were held to be not of a nature which would compel or warrant further examination or investigation by the Commission at that time.

3. The specific relief requested is stated in the petition, as follows:

"Wherefore, Petitioner prays that said order of the Federal Power Commission, issued on July 10, 1957, be reviewed by this Honorable Court, and for the entry of a judgment or decree wholly setting aside and annulling said order and directing the Federal Power Commission to reopen Docket No. E-6482 and to take further evidence and hold further hearing therein, and for such other relief to the Petitioner as may be just and lawful in the premises."

Court of Appeals of the United States for any circuit wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be served upon any member of the Commission and thereupon the Commission shall certify and file with the court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. * * * " 4

It will be observed that § 313(b) invests all courts of appeal with jurisdiction to review orders of the Commission. As a matter of venue, however, it is provided that a petition for review shall be filed in the court of appeals for any circuit wherein the petitioning licensee or public utility is located or has its principal place of business, or in the Court of Appeals for the District of Columbia Circuit. See Panhandle Eastern Pipe Line Co. v. Federal Power Commission, 324 U.S. 635, 638–639, 65 S.Ct. 821, 89 L.Ed. 1241, dealing with the virtually identical § 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b).

Section 313(b) further provides that, upon the filing of the Commission transcript with the court of appeals in which such a review is sought, "such court shall have exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part." The filing of the transcript in a court of appeals having venue thus fixes venue in that court, and terminates both the venue and jurisdiction of any other court of appeals to review that order.

The question for decision, then, is whether the exclusive venue and jurisdiction which the Court of Appeals for the District of Columbia Circuit acquired with regard to the Commission order of June 17, 1954, apply also, under the indicated circumstances, to the Commission order of July 10, 1957, entered after remand of the prior court proceeding.

It was held, in Morris v. Securities and Exchange Commission, 2 Cir., 116 F.2d 896, that the exclusive jurisdiction obtained by a court of appeals under a similar statute, 5 is not limited to the particular agency order reviewed by such court. Such exclusive jurisdiction, once obtained, the court held, extended to a subsequent agency order issued on remand of the original proceedings, where the second review raised a question as to the meaning of · the mandate of the court of appeals which entertained the initial review.

Here, the subsequent agency order now sought to be reviewed was issued, as in Morris, on remand of the original proceedings. But the second review, now pending, does not, strictly speaking, raise a question as to the meaning of the mandate of the initial reviewing court— the Court of Appeals for the District of Columbia Circuit. The governing mandate when the Commission undertook further proceedings was that of the United States Supreme Court. See Ex parte First National Bank of Chicago, 207 U.S. 61, 28 S.Ct. 23, 52 L.Ed. 103 6.

4. While this statute uses the words "Circuit Court of Appeals," it is provided in § 32 of the act of June 25, 1948, chapter 646, 62 Stat. 991, as amended by § 127 of the act of May 24, 1949, chapter 139, 63 Stat. 107, that all laws of the United States in force on September 1, 1948, in which reference is made to a "Circuit Court of Appeals" are amended by substituting "Court of Appeals."

5. The statute governing the review of such SEC orders (§ 24(a) of the Holding Company Act of 1935, 15 U.S.C.A. § 79x (a)) is almost identical with § 313(b) of the Federal Power Act.

6. To the extent that the instant appeal raises the question of whether the new Commission order was within the scope, or exceeded the limits, of the Supreme

Morris thus falls short of supplying full precedent for a holding that the exclusive jurisdiction obtained by the Court of Appeals for the District of Columbia Circuit, as a result of its review of the earlier Commission order, extends to the later order of July 10, 1957. At the same time, it should be noted that Morris is not authority for a contrary holding, for it was not there decided that such exclusive venue and jurisdiction extend only to subsequent orders wherein a question as to the meaning of the mandate is raised.

The object sought to be accomplished by the exclusive venue and jurisdiction provisions of these statutes is to conserve court resources, and avoid judicial collisions and conflicts involving the same parties and controversies. This purpose cannot be assured unless the court of appeals which gains exclusive venue and jurisdiction to review a particular Commission order retains it [7] with regard to further orders issued upon remand in the same proceedings and involving the same parties, subject matter, and controversy. The fact that the remand may have been upon direction of a Supreme Court mandate, rather than that of a court of appeals, would not seem to call for a different conclusion.

In the case before us, the remand did not, as PG&E itself points out, terminate or dismiss the administrative proceedings. The Supreme Court merely set aside the Commission order of June 17, 1954. It did so on the same record which was considered by the Court of Appeals for the District of Columbia Circuit, and upon consideration of that court's decision. In the further agency proceedings which were thereafter had, issues which were dealt with in the original Commission opinion and order were re-examined in the light of the Supreme Court opinion. Other issues which were before the Commission at the first hearing, but undisposed of, were brought forward for consideration. New issues, interjected by both PG&E and Sierra, were also dealt with.

All of these issues had to do with the same parties and the same running controversy which were previously before the Court of Appeals for the District of Columbia Circuit. The transcript which must be filed as a basis for the review now sought will necessarily include the matters contained in the transcript which was before the Court of Appeals for the District of Columbia Circuit.

Were we to undertake a review of the new order, it would hardly be possible to avoid evaluation of the decision of our sister court of appeals involving these same matters. This would be wasteful of court time and energy. It would involve the hazard of confusing or unseemly discord between two courts of appeal concerning essentially the same controversy. It would encourage the practice of "forum shopping," which is inimical to sound judicial administration.

We therefore hold that, under the circumstances here existing, and to the extent that the Commission order of July 10, 1957, is reviewable by any court of appeals, the Court of Appeals for the District of Columbia Circuit has exclusive jurisdiction and venue to review such order.

The motion to dismiss the petition for review is granted. The clerk of this court shall certify the entries upon the docket with respect to this petition for

---

Court mandate, only that court has jurisdiction. Ex parte First National Bank of Chicago, supra; Mercoid Corporation v. Minneapolis-Honeywell Regulator Co., 7 Cir., 142 F.2d 549. But if, as here seems to be the case, the Supreme Court mandate does not involve all of the issues which were dealt with by the Commission in the reopened proceedings, and that mandate left some question open for determination by the Commission in further proceedings, the Commission order, at least to the extent that it deals with such new matters, is reviewable in the appropriate court of appeals. See Ohio Oil Co. v. Thompson, 8 Cir., 120 F.2d 831.

7. Unless and to the extent it may be ousted by an issue concerning the meaning of a Supreme Court mandate.

review, and physically transmit and transfer such certificate, together with the petition filed herein and all papers and documents now on file with the clerk of this court in this proceeding, to the clerk of the United States Court of Appeals for the District of Columbia Circuit.

Order Denying Petition for Rehearing

It is further ordered that the petition for rehearing be denied without prejudice to the right of the petitioner to renew the petition for rehearing in the event that the United States Court of Appeals for the District of Columbia Circuit should not entertain jurisdiction of the instant petition for review.