PACIFIC GAS AND ELECTRIC COM-
PANY, Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent.

Sierra Pacific Power Company,
Intervenor.

No. 14422.

United States Court of Appeals
District of Columbia Circuit.

Argued April 20, 1959.

Decided May 14, 1959.

Petition for Rehearing Denied
June 2, 1959.

Mr. Frederick W. Mielke, Jr., San Francisco, Cal., of the bar of the Supreme Court of California, pro hac vice, by special leave of Court, with whom Messrs. F. T. Searls, San Francisco, Cal., and Robert E. May, Washington, D. C., were on the brief, for petitioner. Mr. Richard F. Generelly, Washington, D. C., also entered an appearance for petitioner.

. Mr. Howard E. Wahrenbrock, Solicitor, Federal Power Commission, with whom Messrs. Willard W. Gatchell, Gen. Counsel, Federal Power Commission, and William W. Ross, Atty., Federal Power Commission, were on the brief, for respondent.

Mr. William C. Chanler, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Lawrence A. Baker, New York City, was on the brief, for intervenor.

· Before PRETTYMAN, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

In 1948 Pacific Gas & Electric Company entered into a rate contract, with Sierra Pacific Power Company, which was duly filed with the Commission. In 1953 Pacific sought unilaterally to abrogate this contract by filing a proposed schedule of increased rates, under § 205 of the Federal Power Act.[1] That Section provides for Commission approval of newly proposed rates merely upon a finding that they are reasonable. Notwithstanding the absence of any provision in the rate contract for increases during its term, the Commission approved the new rates in 1954 upon a finding that they were reasonable.

On Sierra's appeal we set aside the Commission's approval and held that the

---

1. 49 Stat. 851 (1935), 16 U.S.C.A. § 824d (1952).

"duly filed rate contract [is effective] until such time as the rates specified therein are found unreasonable under § 206(a)." Sierra Pacific Power Co. v. Federal Power Com'n, 96 U.S.App.D.C. 140, 142, 223 F.2d 605, 607 (1955). The Supreme Court granted certiorari and affirmed, 350 U.S. 348, 76 S.Ct. 368, 100 L.Ed. 388 (1956). The Court stated, in substance, that to relieve a public utility of an improvident bargain, § 206(a) [2] requires a determination that "the rate is so low as to adversely affect the public interest—as where it might impair the financial ability of the public utility to continue its service, cast upon other consumers an excessive burden, or be unduly discriminatory. * * * [A] contract may not be said to be either 'unjust' or 'unreasonable' simply because it is unprofitable to the public utility." 350 U.S. at page 355, 76 S.Ct. at page 372.

The Court further stated that whether the contract rate in the present case "is so low as to have an adverse effect on the public interest is of course a question to be determined in the first instance by the Commission." It thereupon ordered the case to be remanded to the Commission "for such further proceedings, not inconsistent with this opinion, as the Commission may deem desirable."

Upon remand Pacific asked the Commission to make the § 206(a) determination left open by the Supreme Court. It also urged that the Commission had never expressly determined whether the contract rate was fixed or changeable; that such a determination was now required because § 205, and not § 206, would be applicable if the rates are changeable. The factual and legal positions of the parties upon these matters were presented in written submissions in accordance with the Commission's Rules of Practice. 18 C.F.R. §§ 1.1–.37 (1949, as amended, Supp.1958). In its order of July 10, 1957, the Commission concluded

2. 49 Stat. 852 (1935), 16 U.S.C.A. § 824e (a) (1952).

3. Petitioner sought review of the order in the Court of Appeals for the Ninth Circuit which held that it had no juris-

that the Supreme Court's decision precluded any present contention that the contract rate was variable, and that "the factual basis which PG & E adduces in support of the alleged adverse effects of the 1948 rates upon the public interest do not appear to be of a nature which would compel or warrant further examination or investigation by the Commission at this time."

Pacific now appeals from that order.[3] Upon consideration of the entire record and the contentions of the parties in respect thereto, we find no basis for disturbing the Commission's action.

Affirmed.

diction to hear the petition and ordered the record transferred to this Court (253 F.2d 536). This Court accepted jurisdiction by our order herein of October 24, 1958.