**GREAT WESTERN BROADCASTING CORPORATION, dba KXTV, Plaintiff,**

**v.**

**Roy O. HOFFMAN, Regional Director of the Twentieth Region of the National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, and Stuart Rothman, General Counsel of the National Labor Relations Board, Defendants,**

**American Federation of Television & Radio Artists, San Francisco Local, National Association of Broadcast Employees & Technicians, Local 55, and National Association of Broadcast Employees & Technicians, Local 51, Intervenors-Defendants.**

**Civ. No. 8594.**

United States District Court
N. D. California, N. D.

Feb. 14, 1963.

Pillsbury, Madison & Sutro, Charles F. Prael and William I. Edlund, San Francisco, Cal., for plaintiff.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Julius G. Serot, Asst. Gen. Counsel, Harvey Letter, Regional Atty., Region 20, and Walter N. Moldawer, San Francisco, Cal., for defendants.

Neyhart & Grodin and Duane B. Beeson, San Francisco, Cal., for intervenors-defendants.

HALBERT, District Judge.

Plaintiff, Great Western Broadcasting Corporation, doing business as KXTV (hereinafter Great Western) filed this action against defendants, officers of the National Labor Relations Board, to compel them to take certain action in connection with certain complaints made by Great Western to the Board. Defendants moved to dismiss said action (1) for failure to state a claim upon which relief could be granted, and (2) for failure of this Court to acquire jurisdiction over the proceedings. The motion was extensively briefed by both parties, and by counsel for the American Federation of Television and Radio Artists and the National Association of Broadcast Employees and Technicians (hereinafter Unions), as intervenors. On February 8, 1963, the motion to dismiss was granted. This memorandum is intended to set forth the reasons for the granting of said motion.

Essential to the decision reached herein is a reference to the history of this litigation. On January 23, 1961, pursuant to a complaint made to it by Great Western, the Board filed an application in this Court for a temporary injunction against certain handbilling activities of the Unions. Said application was made under the provisions of § 10(*l*) of the Labor-Management Relations Act of 1947, as amended [Title 29 U.S.C. § 160 (*l*)]. It was sought by the Regional Director, based upon his finding that there was reasonable cause to believe that Unions were violating § 8(b) (4) (ii) (B) [Title 29 U.S.C. § 158(b) (4) (ii) (B)] of the Act, namely, organizing and participating in an illegal secondary boycott. This Court granted the temporary injunction (See: Brown for and on Behalf of N. L. R. B. v. AFTRA, 191 F.Supp. 676).

Subsequent to the granting of said injunction, the Board, in Middle South Broadcasting Co., 133 NLRB 1698, No. 165, held that actions of the type participated in by Unions herein were protected by a "publicity proviso" at the end of § 8(b) (4) of the Act. On the basis of that decision, and upon appeal by the Unions from the issuance of the temporary injunction, the Regional Director of the Board "confessed error" and stipulated to an order by the Court of Appeals compelling this Court to dissolve its injunction. In response to said order, this Court, on November 20, 1961, dissolved the injunction.

On December 27, 1961, the Board, following its decision in Middle South Broadcasting Co., dismissed Great Western's complaint against the Unions. In its decision, the Board relied *specifically* upon the publicity proviso of § 8(b) (4) of the Act. It did *not* touch the questions, raised by the Unions, of whether § 8(b) (4) (ii) (B) of the Act relates only to union activity which tends to "threaten, coerce, or restrain," as related to Unions' contention that the activity in question, handbilling, was not of that nature, and of whether the handbilling involved in this case was protected by the free speech and free press provisions of the First Amendment to the Constitution of the United States. The trial examiner, however, had made a finding that the Unions had engaged in the handbilling "for an object of forcing or re-

quiring" KXTV's customers "to cease doing business with KXTV." [1]

As a result of the opinion of the Board, Great Western filed a petition for review with the Court of Appeals for the Ninth Circuit, under the provisions of § 10(f) of the Act [Title 29 U.S.C. § 160(f)]. That Court, upon full consideration of the issues involved, reversed the Board's ruling as to the applicability of the publicity proviso, and held that the handbilling of the Unions herein was not so protected (See: Great Western Broadcasting Corporation v. N. L. R. B., 9 Cir., 310 F.2d 591).

The Court of Appeals, noting that the Board had refrained from passing upon either of the questions raised by Unions, remanded the case back to the Board for further determinations on those issues.

The actions of which complaint was originally made, and which were involved in the above described proceedings, all occurred prior to December, 1960. More recently, Great Western has made further complaint to the Board, concerning the continuation of the handbilling activities since November, 1960. Unlike the first instance, the Regional Director has declined to issue a complaint, or seek a temporary injunction restraining such activity, on the basis that Board policy is at variance with the decision of the Court of Appeals in the Great Western case, and that therefore no reasonable cause for belief that a violation of § 8(b)(4) of the Act has occurred exists. Great Western now seeks injunctive relief against Unions' handbilling activities.

On January 14, 1963, Great Western filed a motion in Brown v. AFTRA, in the records of this Court (See: 191 F. Supp. 676) seeking a temporary injunction under § 10(l) of the Act. This Court, after argument on January 21, 1963, denied the motion on the ground that Great Western was not a proper party to make such a motion. It appeared to the Court that the Regional Director, or the General Counsel of the Board, were the only parties with status to make such a motion.

As a result of said denial, Great Western filed the instant action on January 24, 1963. By this action, Great Western sought to compel the defendants herein to seek a § 10(l) injunction. As above noted, this Court granted defendants' motion to dismiss this action on February 8, 1963.

The Court granted the motion to dismiss solely on the ground that it lacked jurisdiction to proceed with the action or to grant the relief sought by Great Western. Whatever may be the merits of the opposing arguments of the parties as to whether a United States District Court can ever compel an official of the Board to seek a § 10(l) injunction,[2] the present posture of the original action herein prevents the exercise of any such jurisdiction. That decision having been reached, no inquiry was made by the Court into the question of whether or not a claim for relief was stated.

Whatever jurisdiction this Court had over the original action subsequent to the order of the Court of

---

1. On this point, it is of some significance that the Board, in the Middle South Broadcasting Co. case, stated (133 NLRB 1698, at 1705):

   "We also agree with his [the trial examiner's] finding that, unless protected by the proviso to Section 8(b)(4), Respondent's circulation and distribution of the 'Do Not Patronize' leaflets urging a consumer boycott of secondary employers still advertising on WOGA, would constitute 'restraint or coercion' within the meaning of Section 8(b)(4)(ii)(B) and a violation of that section."

2. Compare the policy of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, with the holdings of Hourihan v. N.L.R.B., 91 U.S.App.D.C., 316, 201 F. 2d 187; Bandlow v. Rothman, 108 U.S. App.D.C. 32, 278 F.2d 866; Retail Store Employees Union Local 954 Retail Clerks Intern. Ass'n, AFL-CIO v. Rothman, 112 U.S.App.D.C. 2, 298 F.2d 330; and Dunn v. Retail Clerks, Intern. Ass'n, AFL-CIO, Local 1529, 6 Cir., 307 F.2d 285.

Appeals compelling this Court to dissolve the temporary injunction, it is clear that jurisdiction was lost to this Court at the time that the Court of Appeals accepted for review the Board's determination, under the provisions of § 10(f) of the Act. A § 10(*l*) injunction is designed to operate only until the Board makes a more permanent order. At that time, the § 10(*l*) injunction is dissolved, and the complaint is either dismissed by the Board (as happened in the instant situation) or the Board issues a permanent cease and desist order. In either event, the action of the Board is considered "final action" for purposes of review under either § 10(e) or § 10(f).

When a petition for review is filed, the Court of Appeals acquires jurisdiction over the cause. Should it appear that interim relief is necessary to prevent irreparable injury, § 10(f) provides that the Court of Appeals shall have power to grant temporary relief as it deems just and proper, in addition to determining the validity of the Board's order. Section 10(e), to which § 10(f) refers on this point, specifically states that, upon the filing of the record with the Court of Appeals, the jurisdiction of that Court *shall be exclusive*, subject to review by the United States Supreme Court. This Court is powerless to interfere with the exclusive jurisdiction of the Court of Appeals.

Great Western argues here, however, that the reversal by the Court of Appeals of the Board's order, and the remand of the cause back to the Board for further consideration of the additional points raised by the Unions, constitutes a dissolution of the "final order" of the Board. Under such circumstances, Great Western contends, jurisdiction is revested in this Court to issue a § 10 (*l*) injunction.[3] In the opinion of this Court, the law is to the contrary. The sole authority by which the Board has regained control of the original action is the remand order of the Court of Appeals. Therefore, it may properly be said that, at least from the viewpoint of this Court, the Court of Appeals has retained jurisdiction of that action, with the remand order affecting only particular portions of the cause (Cf. Von Der Heydt v. Kennedy, 112 U.S.App.D.C. 78, 299 F.2d 459). Since jurisdiction cannot exist contemporaneously in both the Court of Appeals and this Court, this Court is obliged to defer to the Court of Appeals.

Particularly does this result follow from the apparent policy of the Court of Appeals for the Ninth Circuit to retain cases in the same Court in which previous action has been taken, where that Court might be required to act further in the same action (See: Helena TV, Inc. v. Federal Communications Commission, 9 Cir., 269 F.2d 30; and Pacific Gas & Electric Co. v. Federal Power Commission, 9 Cir., 253 F.2d 536). It is also to be noted that power is retained by the Court of Appeals to modify its order in Great Western in response to subsequent actions of either the parties or the Board, since that order was not a final order of that Court (See: United Brotherhood of Carpenters and Joiners, etc. v. Sperry, 10 Cir., 170 F.2d 863). Moreover, since jurisdiction is retained by the Court of Appeals in the original action, that Court has power to issue all writs necessary or appropriate in aid of its jurisdiction [Title 28 U.S.C. § 1651], and to "grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered" [Rule 62(g) of the Federal Rules of Civil Procedure].

Finally, the jurisdiction of the Court of Appeals is not confined solely to the alleged unfair labor practices which were, and are, before the Board in the original case. That Court's jurisdiction includes the power to deal with the alleged activities in the more recently

---

3. Injunctive relief, under the provisions of § 10(*l*) of the Act, may be issued "pending the final adjudication of the Board with respect to such matter." The argument is that, upon remand, no final adjudication by the Board exists.

filed case, since the latter case involves a continuation of the same conduct by the Unions as that in the original case. For this reason, this Court declines to make any differentiation between the original complaint to the Board and the more recent allegations upon which the Board has failed to issue a complaint.

An order dismissing Great Western's complaint for lack of jurisdiction was made from the bench on February 8, 1963, and a formal order of dismissal was signed and filed in the records of this case that same day.

IT IS ORDERED that this memorandum be filed and entered in the records of the above-entitled cause, in support of the Court's order of dismissal entered in this action on February 8, 1963.