Stephen Smyk, J.
Petitioner assignee for benefit of creditors of Resnicks, Binghamton, Inc., moves to vacate a judgment filed by Leslie Fay Inc., respondent herein, in the Broome County Clerk’s office on November 3, 1971 on the ground that respondent at that time had reasonable cause to believe that the judgment debtor was insolvent within the meaning of section 13 of the Debtor and Creditor Law. Further, that having such knowledge of the filing of the judgment within four months of the assignment for benefit of creditors, the respondent received a voluntary transfer from the assignor judgment debtor so as to place the respondent in a preferred position to other creditors and enabling the assignee to act within the provisions of subdivision 6-a of section 15 of the Debtor and Creditor Law.
The respondent answers that this court has neither jurisdiction over the subject matter of this motion nor does the Debtor and Creditor Law equate a voluntary transfer with the filing of a judgment as was here the case.
Clearly, since the assignment was recorded in Broome County, the term “ court ” as used in the Debtor and Creditor Law (§ 2) applies equally to this court as to the Supreme Court.
*455 All proceedings, to date, involving the assignment herein have been brought in the County Court. It is, therefore, this court which retains jurisdiction over the assigned estate having acquired it first. (Matter of Cromien, 10 Daly 41.) If two tribunals ‘ ‘ have equal or concurrent jurisdiction, it should continue to be exercised by that one whose process was first issued.” (Schuehle v. Reiman, 86 N. Y. 270, 273, citing Rogers v. King, 8 Paige Ch. 210; Groshon v. Lyon, 16 Barb. 461; Travis v. Myers, 67 N. Y. 542). Where jurisdiction is first acquired in the County Court it should not be interrupted or restrained without substantial reason. (Niagara County Nat. Bank v. Lord, 33 Hun 557; Hurth v. Bower, 30 Hun 151.)
Subdivision 6-a of section 15 of the Debtor and Creditor Law empowers the court to authorize an assignee to commence an action against any person, who with reasonable cause to believe the assignor was insolvent, has within four months of the assignment received a voluntary transfer from the assignor of money or property for or on account of an antecedent debt, the effect of which transfer is to enable the creditor to obtain a greater percentage of his debt than some other creditor of the same class. The assignee is entitled in the action to recover the property so transferred or its value.
Section 13 of the Debtor and Creditor Law defines the requisites of insolvency: “ A person shall be deemed insolvent whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts.” This definition is similar to that found in subdivision (19) of section 1 of the Federal Bankruptcy Act. There is no question, then, that the Federal court has statutory authority to nullify preferential transfers.
The respondent contends that New York courts are not statutorily authorized to set aside liens obtained by means of judgment, levy, or other process within four months of the assignment. Such authority does lie with the Federal Bankruptcy Court where a judgment lien is perfected within four months of the bankruptcy petition filing. (Federal Bankruptcy Act, § 67; IT. S. Code, tit. 11, § 107.) We cannot wholly agree with this contention for where a lien has been obtained by fraudulent means, the court believes that there is sufficient statutory authority to declare it to be null and void. The inherent power of the court to do equity would also dictate its affirmative action.
*456 However, where fraud has not been alleged in the obtaining and filing of a judgment the Debtor and Creditor Law does not permit the court to act to set it aside. This is particularly so when a lien exists which, by operation of law, results in a preferential position for the creditor, but which in no wise can be construed as a voluntary preferential transfer. A judgment properly obtained and docketed with or without reasonable cause to know of the assignor’s insolvency is not a voluntary transfer within the meaning and spirit of subdivision 6-a of section 15 of the Debtor and Creditor Law.
Although our Debtor and Creditor Law relating to assignment for benefit of creditors parallels the Federal bankruptcy proceeding in many respects we know it also has some notable gaps as here where our State law has no provision for setting aside a judgment lien filed within four months of the assignment. The remedy, however, lies with the Legislature to enact a statute similar in scope to section 67 of the Federal Bankruptcy Act.
Petitioner’s motion is denied, without costs.