THEODORE B. JORDAN, Intervenor-Appellant, *v.* MACK H. HAMADA, Chairman, Hawaii Public Employment Relations Board; JOHN E. MILLIGAN and JAMES K. CLARK, Board Members of the Hawaii Public Employment Relations Board and the HAWAII PUBLIC EMPLOYMENT RELATIONS BOARD, Appellees, and the HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION, Local 152, AFSCME, AFL-CIO, Petitioner-Appellee

NO. 7332

CIVIL NO. 56253

APRIL 2, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ., AND
RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

## OPINION OF THE COURT BY LUM, J.

Following an appeal to circuit court from an administrative agency's decision, the circuit court remanded the case to the agency for further consideration of certain issues raised but not resolved on appeal. The narrow procedural issue we are asked to decide is whether a second appeal may be taken from the agency's subsequent decision on the remanded issues under a separate civil number in a different division of the same circuit. We hold that the circuit court judge faced with the second appeal correctly dismissed the appeal for want of jurisdiction, but remand the case to the circuit court that had ruled on the original appeal for further proceedings.

I.

Appellee Hawaii Government Employees' Association, Local 152, AFSCME, AFL-CIO ("HGEA"), filed a petition for certification of the service fee to be imposed on members of bargaining units it represented pursuant to HRS § 89-4 with the appellee Hawaii Public Employment Relations Board ("HPERB") on September 13, 1976. Appellant Theodore B. Jordan, a state employee and member of a collective bargaining unit represented by HGEA, intervened to challenge the reasonableness of the proposed fee and to raise constitutional objections with respect thereto. On July 28, 1977, HPERB issued its Decision No. 78 certifying the service fee as reasonable after disallowing certain union expenses.

Appellant challenged Decision No. 78 in the fourth division of the first circuit on August 25, 1977, in Civil No. 52424, claiming multiple statutory violations in HPERB's certification of the service fee. On March 30, 1978, Judge Masato Doi decided nine of the issues raised by appellant, but remanded the three remaining issues to HPERB for determination in accordance with his decision and order.

HPERB thereafter issued Decision No. 92 on the remanded issues, from which appellant took a second appeal in Civil No. 56253 before Judge Harold Shintaku of the seventh division of the first circuit. Incorporated into this appeal were appellant's objections to the service fee raised in Civil No. 52424. Responding to motions filed by HPERB and HGEA, Judge Shintaku dismissed the appeal

on the belief that his court lacked jurisdiction to entertain a second appeal where a prior appeal in the same case awaited final judgment.

## II.

The precise jurisdictional question posed by this factual situation has not been addressed by many courts. Nevertheless it appears well-accepted that as a matter of law and of sound judicial policy, a court which has acquired jurisdiction over a cause retains its power over the same to the exclusion of any court of coordinate jurisdiction until the court renders a final judgment in the case or until the action is terminated by the parties. *See State v. Boone Circuit Court*, 236 Ind. 202, 138 N.E.2d 4 (1956); *In re Resnicks, Binghamton, Inc.*, 69 Misc.2d 454, 330 N.Y.S.2d 82 (1972); *Parkison v. Victor*, 105 Ohio App. 200, 152 N.E.2d 275 (1957). As recognized by the Ninth Circuit Court of Appeals when confronting a similar situation in which the Court of Appeals for the District of Columbia originally had jurisdiction over a case and remanded the same for further agency review,

> [w]ere we to undertake a review of the new [agency] order, it would hardly be possible to avoid evaluation of the decision of our sister court of appeals involving these same matters. This would be wasteful of court time and energy. It would involve the hazard of confusing or unseemly discord between two courts of appeal concerning essentially the same controversy. It would encourage the practice of "forum shopping," which is inimical to sound judicial administration.

*Pacific Gas & Electric Co. v. Federal Power Commission*, 253 F.2d 536, 541 (9th Cir. 1958).

All parties agree that Judge Doi did not render a final judgment in Civil No. 52424. Appellant maintains, however, that as a matter of law that court lost jurisdiction over the case by its order remanding the case to HPERB.

Appellant's position derives from a misstatement of the rule enunciated in *Ginn v. Penobscot Co.*, 342 A.2d 270 (Me. 1975), that an appellate court generally loses jurisdiction over a case upon its issuance of a remand order, in the absence of a statutory proscription to the contrary. *Id.* at 274. As stated by the Maine Supreme Court, this rule explicitly contemplates the existence of a final judg-

ment and resolution of all issues involved in the case before the court's power over the same is terminated. *See id.* at 274.

The *Ginn* rule thus merely restates the general rule we adopted above which, when applied to the facts above, requires us to conclude that Judge Shintaku correctly refused to hear Civil No. 56253. Moreover, we find ample authority for the proposition that a remand order such as that involved in the present case does not terminate the administrative proceedings, but is instead only one stage of a single process which may continue to include a second agency hearing and appeal therefrom. *See, e.g., NLRB v. Donnelly Garment Co.,* 330 U.S. 219 (1947); *Ford Motor Co. v. NLRB,* 305 U.S. 364 (1939); *Pacific Gas & Electric Co. v. Federal Power Commission, supra.* In *Pacific Gas & Electric Co., supra,* the Ninth Circuit Court of Appeals declined jurisdiction over an appeal taken from a second agency decision following remand by the Court of Appeals for the District of Columbia, explaining that the remand did not terminate the administrative proceedings and therefore that the latter court retained exclusive jurisdiction to review the second agency order. 253 F.2d at 541. Likewise, the federal district court in *Great Western Broadcasting Corp. v. Hoffman,* 214 F.Supp. 173 (N.D. Calif. 1963), deferred to the Ninth Circuit Court of Appeals, which had previously reversed a National Labor Relations Board ruling and remanded the case to the Board for consideration of certain issues not decided by the Board's ruling. In response to appellant's argument that the reversal and remand order revested jurisdiction in the district court, as that court had ruled on preliminary matters in the same dispute prior to the Board's decision, the district court ruled that the Court of Appeals had retained jurisdiction over the matter by virtue of its remand order. The district court observed that this position was consistent with the apparent policy of the Ninth Circuit, which is to "retain cases in the same Court in which previous action has been taken, where that Court might be required to act further in the same action." *Id.* at 177 (citations omitted).

Judge Doi's order in Civil No. 52424 remanding three issues to HPERB for its determination, not a final judgment, did not bring an end to the administrative proceedings in this case. *Cf. Gealon v. Keala,* 60 Haw. 513, 520, 591 P.2d 621, 626 (1979) ("final order" for purposes of HRS § 91-14(a) and Hawaii Rules of Civil Procedure 72(b) is an order terminating proceedings, leaving nothing further

to be accomplished). We accordingly hold that appellant erroneously pursued a second separate appeal to raise issues arising out of HPERB's Decision No. 92, and should now be allowed to contest said decision by appealing under Civil No. 52424.[1]

### III.

The scope of appellant's appeal, however, should be limited by the doctrine of "the law of the case." Rather than a limitation on judicial power, "the law of the case" is a rule of practice reflecting a policy of courts to respect the finality of judicial determinations of questions of law when such questions in the same case are later confronted by the same court or by a court of coordinate jurisdiction. *Messenger v. Anderson,* 225 U.S. 436, 444 (1912). As described by this court in *Cain v. Cain,* 59 Haw. 32, 575 P.2d 468 (1978),

> law of the case is akin to res judicata but is more limited in its application. It relates solely to questions of law and is confined in its operation to subsequent proceedings in the same case. [Under the doctrine,] a determination of a question of law made by an appellate court in the course of an action becomes "the law of the case" and may not be disputed by a reopening of the question at a later stage of litigation. It normally commands adherence but is not subject to the inflexibility of res judicata.

*Id.* at 36, 575 P.2d at 472-73, *quoting Glover v. Fong,* 42 Haw. 560, 578 (1958). While the doctrine may allow reconsideration of decided matters in the interest of judicial expediency, *Cain, supra* at 37, 575 P.2d at 473, we see no reason apparent from the record in this case for reopening legal issues decided and disposed of by Judge Doi's decision and order. Appellant should therefore be limited to raising only those issues which had been remanded to HPERB and decided by that Board in Decision No. 92, and such other issues that were not disposed of by the original appeal.

---

[1] Because no final judgment was entered in Civil No. 52424, appellant is not barred by the requirement of HRS § 91-14(a) and HRCP 72(b) that notice of appeal be filed in circuit court within 30 days of the petitioner's being notified of the administrative agency's final decision and order. *See* Gealon v. Keala, *supra.* Moreover, we note that appellant filed his notice of appeal on November 17, 1978 in response to HPERB's Decision No. 92 issued on October 18, 1978, within the rules' time limit.

Reversed and remanded for further proceedings consistent with this opinion.

*Richard Bender (James S. Campbell, Kent M. Keith* and *John R. Pingree* on the briefs, *Cades Schutte Fleming & Wright* of counsel) for intervenor-appellant.

*Benjamin C. Sigal (Shim, Sigal, Tam & Naito,* a Law Corporation, of counsel) for petitioner-appellee.

*Valri Kunimoto (Sonia Faust* and *Linda K. Goto* on the brief) for appellees.