PUBLIC SERVICE COMMISSION OF NEVADA, SCOTT CRAIGIE, CHAIRMAN, FRED SCHMIDT, STEPHEN WIEL, THOMAS STEPHENS, JO ANN KELLY, GEM-STAR CEMENT AND LIME COMPANY, TITANIUM METALS CORPORATION OF NEVADA, KERR-McGEE CHEMICAL CORPORATION, PACIFIC COATS BUILDING PRODUCTS, INC., Appellants, v. SOUTHWEST GAS CORPORATION, Respondent.

No. 17717

June 25, 1987 738 P.2d 890

*William H. Kockenmeister, Ana Colon Aebi; Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* Carson City, for Appellants.

*Lionel, Sawyer & Collins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On August 1, 1981, the First Judicial District Court held Southwest Gas Corporation in contempt of court for failure to make certain refunds to consumers under 1977 orders of the court and the PSC. Southwest Gas appealed and we reversed. Southwest Gas Corp. v. Flintkote Co., 99 Nev. 127, 659 P.2d 861 (1983).

Thereafter, still seeking refunds, the Southern Nevada Industrial Consumers filed a petition for Commission enforcement against Southwest Gas. Commission action on the petition was stayed when Southwest Gas sought a dismissal of the petition, then took another appeal to this court. In an unpublished order, we concluded that the Commission should be allowed to hear the matter.

The Commission then held a hearing and determined that it had previously ruled that refunds were due and owing. Southwest Gas was ordered to issue refunds in conformity with the outstanding order. The utility thereafter filed a petition for judicial review in the Eighth Judicial District. The Commission requested a change of venue, contending that the First Judicial District had exclusive jurisdiction because the docket at issue had its roots in a decision from that district. The motion was denied, leading to this appeal.

The PSC contends that the First Judicial District Court has continuing jurisdiction over this complicated refunding process, to the exclusion of venue which might otherwise lie elsewhere. We agree. The Commission's opinion and order in the appealed docket resulted from an order issued by the First Judicial District Court on April 7, 1977. That order apparently was never appealed. The decision in Pacific Gas & Elec. Co. v. Federal Power Comm'n, 253 F.2d 536, 541 (9th Cir. 1958), illustrates the policies to be served. There the court stated:

> The object sought to be accomplished by the exclusive venue and jurisdiction provisions of these statutes is to conserve court resources, and avoid judicial collisions and conflicts involving the same parties and controversies. This purpose cannot be assured unless the court of appeals which gains exclusive venue and jurisdiction to review a particular Commission order retains it with regard to further orders issued upon remand in the same proceedings and involving the same parties, subject matter, and controversy (footnote omitted).
>
> . . . .
>
> Were we to undertake a review of the new order, it would hardly be possible to avoid evaluation of the decision of our sister court of appeals involving these same matters. This would be wasteful of court time and energy. It would involve the hazard of confusing or unseemly discord between two courts of appeal concerning essentially the same controversy. It would encourage the practice of "forum shopping," which is inimical to sound judicial administration.

*Accord* Jordan v. Hamada, 643 P.2d 70 (Haw. 1982). We are not persuaded by Southwest's arguments and authorities to the contrary. Although the late Judge Gregory, who remanded the initial order, is no longer on the bench, the other members of the First

Judicial District Court have had significant exposure to the instant litigation. The contempt action which resulted in the *Flintkote* case was heard before Judge Fondi. Judge Griffin has also been involved in rulings and determinations in this litigation over the years. This action was initiated in the First Judicial District Court, and the conservation of judicial resources demands that it remain there.

In deference to the policy against interference by one court with matters which are under the jurisdiction of another, we conclude that the lower court abused its discretion in refusing to grant a change of venue. In re Union Carbide Corp., 308 N.W.2d 753 (S.D. 1981). We therefore reverse.

GUNDERSON, C. J., and STEFFEN, YOUNG, and MOWBRAY, J.J., concur.