298 F.2d 330
 112 U.S.App.D.C. 2
 RETAIL STORE EMPLOYEES UNION LOCAL 954, RETAIL CLERKS
INTERNATIONAL ASSOCIATION, AFL-CIO, Appellant,
v.
Stuart ROTHMAN, individually and as General Counsel of the
National Labor Relations Board, Appellee.
 No. 16534.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 8, 1961.
Decided Jan. 11, 1962.
 
 Mr. Joseph E. Finley, Washington, D.C., with whom Mr. S. G. Lippman, Washington, D.C., was on the brief, for appellant.
 Mr. Allison W. Brown, Jr., National Labor Relations Board, with whom Messrs. Stuart Rothman, Gen. Counsel, National Labor Relations Boad, Dominick L. Manoli, Associate Gen. Counsel, National Labor Relations Board, and Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, were on the brief, for appellee.
 Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.
 BASTIAN, Circuit Judge.
 
 
 1
 Plaintiff (appellant) filed a complaint in the District Court praying for a mandatory injunction to require the General Counsel of the National Labor Relations Board (defendant-appellee) to issue a complaint charging an unfair labor practice. The case came on for hearing on defendant's motion to dismiss the complaint or, in the alternative, for summary judgment, and on plaintiff's cross-motion for summary judgment. The District Court, being of the view that it was without jurisdiction over the subject matter of the action and that the complaint failed to state a claim upon which relief could be granted, ordered dismissal of the complaint. This appeal followed.
 
 
 2
 The gist of the action is that on or about July 12, 1960, a charge of unfair labor practices was filed by plaintiff with the Regional Office of the Eighth Region of the National Labor Relations Board in Cleveland, Ohio. The charge, as amended, was that LaSalle's, a Division of R. H. Macy & Co., a retail store engaged in a business affecting commerce located in Toledo, Ohio, was engaged in violations of 8(a)(1) of the National Labor Relations Act, as amended (61 Stat. 136, 29 U.S.C.A. 151-168). The only unfair labor practice alleged was that 'LaSalle's had denied two members of (the union) the right and privilege of wearing union membership buttons, or pins, on their clothing while working at LaSalle's.'
 
 
 3
 Pursuant to the Board's Rules and Regulations, the Regional Director of the Eighth Region designated a member of the field staff of the Regional Office to investigate the charge to determine whether or not there was evidence of a violation of the Act. The investigation disclosed:
 
 
 4
 '(a) During the month of July 1960, two sales clerks employed by the Company wore 'member' union buttons identifying the wearers as members of the union. This was part of an organizational campaign conducted by the Union among company employees.
 
 
 5
 '(b) On or about July 1 and July 25, 1960, the Company requested the two clerks to remove the 'member' buttons in accordance with an existing company rule governing the attire of store employees which prohibited the wearing of 'insignia over the size of a nickel or political buttons of any nature * * *.' The 'Member buttons were 1 and 9/16 inches wide and 11/16 inches high, larger than the size of a nickel. The employees complied with the Company's request and ceased wearing the 'Member' buttons.
 
 
 6
 '(c) The union dues pin customarily issued by the union from Month-to-month which also identifies the wearer as a member, is exactly the size of a nickel. The Company permits the wearing of these pins.'
 
 
 7
 Under the circumstances, the Regional Director refused to issue the complaint becaues of insufficient evidence of violations of the Act. On review by the General Counsel, under 102.19 of the Board's Rules and Regulations, the Regional Director's ruling was sustained. Thereupon this suit was instituted in the United States District Court for the District of Columbia.
 
 
 8
 Plaintiff urges that the District Court 'has jurisdiction to restrain the General Counsel of the National Labor Relations Board when he acts arbitrarily and capriciously in violation of due process of law in the issuance of complaints of unfair labor practices,' and that he did so in the instant case in that he arbitrarily and capriciously refused to follow prior legal rulings of the Board.
 
 
 9
 In Hourihan v. Natinal Labor Relations Board, 91 U.S.App.D.C. 316, 201 F.2d 187 (1952), and in Bandlow v. Rothman, 108 U.S.App.D.C. 32, 278 F.2d 866 (1960), we held that a court 'has no power to order the General Counsel to issue a complaint and no power to require the Board to issue an order in a matter which is not before the Board.'
 
 
 10
 Here, as in Hourihan, plaintiff seeks to make out a case of abuse of discretion. It urges that the General Counsel ignored or refused to follow Board authority to the effect that employees have the right to wear union buttons or pins while working. In this connection plaintiff cites Safeway Stores, Inc., 110 NLRB 1718, and National Labor Relations Board v. W. T. Grant & Co., 94 NLRB 113, affirmed, 199 F. d 711 (9th Cir. 1952). Those cases are not in point. There the employers denied the right of employees to wear any union bottons or pins while working, and this was only a minor factor among other major items making up a finding of unfair labor practices. Caterpillar Tractor Co. v. National Labor Relations Board, 113 NLRB 553, 230 F.2d 357 (7th Cir.1956), also relied upon by plaintiff, while recognizing the right of an employee to wear union buttons, indicates that this right is not an unrestricted one.
 
 
 11
 In the instant case there is no showing of a course of conduct, simply efforts to put the wearing of pins in line with the general rules of the company; and the Regional Director and the General Counsel concluded that there was insufficient basis for a finding that the Company's rule with respect to the wearing of insignia was discriminatory or ocnstituted an unreasonable impediment to the exercise by employees of their rights under the Act.
 
 
 12
 The refusal of the General Counsel to issue a complaint in the case before us was well within the discretion conferred upon him by the statute.[1]
 
 
 13
 We add that the attention we have given to this case does not indicate that we are prepared to consider the merits of every routine matter of this sort, or that the District Court should do so. The courts should not be asked to take over the work of the General Counsel's office, or to scrutinize his decisions in matters of the present kind, except perhaps in the most extreme situatoins. This is certainly not such a situation, and should not have been the subject of litigation in the courts.
 
 
 14
 Affirmed.
 
 
 
 [1]
 We repeat here what we said in Hourihan, 91 U.S.App.D.C. at 317, 201 F.2d at 188, note 4: 'We need not here canvass whether, and if so under what circumstances, a court can correct an abuse of discretion by the General Counsel in failing to issue a complaint. Compare Jacobsen v. National Labor Relations Board, 3 Cir., 1941, 120 F.2d 96, 100; Att'y Gen.Man.Ad.Proc. Act 94-95 (1947); Davis, Administrative Law 160-167, 846-848 (1951).'