320 F.2d 729
 DIVISION 1267, AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, on its own behalf and as representative and on behalf of employee constituents, Appellant,
v.
Arnold ORDMAN,* Individually and as General Counsel of the National Labor Relations Board, Appellee.
 No. 17649.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 21, 1963.
 Decided June 13, 1963.
 
 Mr. Mozart G. Ratner, Washington, D. C., with whom Mr. Bernard Cushman, Washington, D. C., was on the brief, for appellant.
 Miss Marion L. Griffin, Attorney, National Labor Relations Board, of the bar of the Supreme Court of Ohio, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, General Counsel at the time the brief was filed, Dominick L. Manoli, Associate General Counsel, Marcel Mallett-Prevost, Assistant General Counsel, and James C. Paras, Attorney, National Labor Relations Board, were on the brief, for appellee.
 Before EDGERTON, Senior Circuit Judge, and WILBUR K. MILLER and WRIGHT, Circuit Judges.
 EDGERTON, Senior Circuit Judge.
 
 
 1
 Dade County, Florida, bought the transit properties of three bus companies. Appellant Union, as certified bargaining representative of the companies' employees, filed with the Regional Director of the National Labor Relations Board a charge of unfair labor practices under the National Labor Relations Act. The Regional Director informed the parties on March 2, 1962, that it had been "decided not to issue a complaint", but he did not dismiss the Union's charge. He said "in the present posture of the case the County is the employer", and "the statutory exemption in § 2(2) of the National Labor Relations Act is applicable"; but he also said the outcome of "pending litigation in the Florida State Court * * * may conceivably have an impact on the unfair labor practices charge". He concluded: "For that reason, and in order to permit a reexamination of the charge in the light of the final outcome of the State Court litigation and to avoid prejudicing the rights of the charging parties under the National Labor Relations Act's 6-month statute of limitations, the charge will not be dismissed at this time."
 
 
 2
 On June 21, 1962, the General Counsel[1] informed the parties: "It has been concluded that, under the circumstances here disclosed, and for the reasons specified by the Director in his letter to the parties dated March 2, 1962, insufficient basis exists for the issuance of complaint at this time. Accordingly, this matter is being remanded to the Director with instructions to adhere to the procedure set forth in his letter of March 2."
 
 
 3
 On November 7, 1962, the Union brought this suit in the District Court against the General Counsel, seeking a judgment that the transit system and Dade County are not exempt from the prohibitions imposed upon employers by § 8 of the Act, 29 U.S.C. § 158. The District Court dismissed the complaint on the ground that it lacked jurisdiction of the subject matter.
 
 
 4
 The Act gives the General Counsel discretion, independent of the courts, regarding charges of unfair labor practices. Retail Store Employees Union, etc. v. Rothman, 112 U.S.App.D.C. 2, 298 F.2d 330 (1962), and cases cited. The General Counsel's decision to defer action on the Union's charge was within this discretion. The Union relies on very different cases, e. g., Office Employees International Union, etc. v. National Labor Relations Board, 353 U.S. 313, 315, 77 S.Ct. 799, 800, 1 L.Ed.2d 846 (1957). In that case the Board "engrafted a blanket exemption upon the Act". We affirm the District Court's action because we think the complaint did not state a claim upon which relief could be granted.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Substituted June 10, 1963, for Stuart Rothman, former General Counsel
 
 
 [1]
 By Section 3(d) of the National Labor Relations Act, as amended, 61 Stat. 139 (1947), 73 Stat. 542 (1959), 29 U.S.C., Supp. IV, § 153(d), the General Counsel, who is appointed by the President, is given "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints * * * and in respect of the prosecution of such complaints before the Board * * *."